UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Casey Earl Johnson, | ) C/A No.: 4:10-887-JFA-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| 3rd Judicial Circuit of South Carolina; Bail Bondsman Raymond Johnson; Bail Bondsman Jamie Smith; Williamsburg County Detention Center, | ) |
| Defendants. | ) |

Plaintiff files this action, *pro se*, pursuant to 42 U.S.C. §1983. He is currently detained at the Williamsburg County Detention Center (WCDC). In his complaint, plaintiff raises, among other things, a double jeopardy claim. He alleges that he pleaded guilty to receiving stolen goods in state magistrate court and was given "time served." He claims the same charge was then sent to the Court of General Sessions but was dismissed[1]. He further claims that a bench warrant was issued for his arrest for the same charge[2]. It is not clear from the complaint if plaintiff is currently detained as a result of the bench warrant which was issued, or if he is being held on some other charge. Plaintiff also raises claims against two bail bondsmen concerning the manner in which the plaintiff was arrested. Plaintiff alleges he suffered injuries to his head during his arrest. Additionally, plaintiff complains that he does not have access to law books. Plaintiff states he had an attorney but "fired" him, however,

---

[1]An attachment to plaintiff's complaint titled "general sessions docket sheet" states that the "defendant pled guilty to RSG."

[2]An attachment to plaintiff's complaint shows a bench warrant was issued for "failure to appear."

plaintiff does not indicate if his court-appointed attorney was actually relieved as counsel for him. Finally, plaintiff raises issues pertaining to his conditions of confinement. He maintains there is poor ventilation, "bad" air, only one shower for forty-five (45) men, no cleaning supplies, no access to water in the cells, no lights, and he states the toilets do not function properly.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

As it pertains to plaintiff's double jeopardy claim, the § 1983 complaint is subject to summary dismissal because a right of action with respect to the plaintiff's detention and pending criminal proceedings has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*See also Schafer v. Moore*, 46 F.3d 43 (8th Cir., January 27, 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545, (2nd Cir. 1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004) (unpublished).

Although the decision in *Heck v. Humphrey* concerned a conviction, its rationale is also applicable to pre-trial detainees. *See Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); *Norris v. Super Cab Co.*, 1994 WL 665193 (N.D.Cal., November 15,

1994)(unpublished); and *Daniel v. Ruph*, 1994 WL 589352 (N.D.Cal., October 12, 1994).

In *Daniel v. Ruph, supra*, a district court applied the holding in *Heck v. Humphrey* to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice. * * *

*Daniel v. Ruph, supra*, 1994 WL 589352 (footnote following quotation omitted). In an earlier case, *Norris v. Patsy*, 1994 WL 443456 (N.D.Cal., July 29, 1994) (unpublished), the court noted that, under *Heck v. Humphrey, supra*, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED."

Also on point is *Hudson v. Chicago Police Department*, 860 F. Supp. 521 (N.D.Ill. 1994), where the Honorable Marvin E. Aspen, United States District Judge, ruled that the complaint was subject to dismissal under *Heck v. Humphrey*. Judge Aspen, however, noted that the plaintiff could bring § 1983 action at a later date if a cause of action had accrued. Judge Aspen also held that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings." *Accord Babcock v. Collord*, 1994 WL 374528 (complaints subject to dismissal under *Heck v. Humphrey* can be dismissed under 28 U.S.C. § 1915(d)).

Additionally, plaintiff can not proceed against the bail bondsmen because they have

not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, *supra*, 457 U.S. 922, 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[3]

Plaintiff also seeks access to legal materials, however, he would not be entitled to such access if he has court-appointed counsel. *See United States v. Chatman*, 584 F.2d. 1358, 1360 (4th Cir. 1978)(obligation of prison authorities to provide adequate law libraries satisfied when defendant is offered assistance of counsel). Since plaintiff was offered the assistance of counsel, despite that fact he alleges he "fired" his court-appointed attorney, he would not now be entitled to law library access.

Finally, two of the defendants, the "3rd Judicial Circuit of South Carolina" and the "Williamsburg County Detention Center" can not act under color of state law. This is because these defendants are not "person[s]" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). *See also Staley v. South Carolina Department of Corrections, et. al.*, 2003 WL 23541770

---

[3]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49, 1988 U.S. LEXIS® 2744 (1988)(collecting cases).

(D.S.C. Dec. 04, 2003)(Civil Action No. 9:03-3436-23BG), *affirmed Staley v. South Carolina Department of Corrections*, 96 Fed. Appx. 928 (4th Cir. (S.C.) May 21, 2004)(Not selected for publication in the Federal Reporter, No. 04-6022). As a result, these two defendants would be entitled to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 28 , 2010  
Florence, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).