IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Casey Earl Johnson, | ) | C/A No. 4:10-887-JFA-TER |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| Third Judicial Circuit of South Carolina; Bail Bondsman Raymond Johnson; Bail Bondsman Jamie Smith; and Williamsburg County Detention Center, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Casey Earl Johnson, is a state pretrial detainee at the Williamsburg County Detention Center. He initiated this action pursuant to 42 U.S.C. § 1983 alleging violation of the Double Jeopardy Clause; injuries resulting from his arrest; and lack of access to law books.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss the complaint. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was entered on the docket on April 28, 2010. The plaintiff did not

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

file any objections to the Report.

As the Magistrate Judge properly notes, it clearly appears that all of the defendants named in the present action are not amenable to suit in United States District Court under 42 U.S.C. § 1983. The two bail bondsmen named as defendants have not acted under color of state law, a prerequisite for a § 1983 claim. With regard to the remaining defendants, the Third Judicial Circuit of South Carolina and the Williamsburg County Detention Center, are not "persons" subject to suit under § 1983. There being no viable defendants in this case subject to the claims set out in the complaint, the court will affirm the Magistrate Judge's suggestion that this action be dismissed without prejudice and without issuance and service of process.

Although the case will be dismissed pursuant to the Magistrate Judge's recommendation, one point of clarification bears mention. The Magistrate Judge is of the opinion that the plaintiff's Double Jeopardy claim is not viable because the pending state court proceedings against the defendant have not accrued. The Magistrate Judge thus recommends that under the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), this action should be dismissed because the underlying criminal case has not proceeded to conclusion and thus no cause of action has accrued.

It is not at all clear to this court whether the plaintiff seeks an injunction, prohibiting the current charges against him in state court from going forward under the Double Jeopardy Clause, or rather seeks damages for a past violation of the Double Jeopardy Clause. A careful reading of the *pro se* complaint in this case does not yield an answer to this question.

Generally, when a complaint attacks the fact or duration of confinement, the appropriate remedy is a writ of habeas corpus under 28 U.S.C. § 2254, not a claim under 42 U.S.C. § 1983. In any event, the matter must be dismissed because there are no viable defendants, and the court need not reach the question of whether the case could proceed forward on a claim for injunctive relief only.

For the foregoing reasons, and with the slight exception noted above, the Magistrate Judge's Report and Recommendation is incorporated herein by reference. This action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson Jr.*

Joseph F. Anderson, Jr.
United States District Judge

June 10, 2010
Columbia, South Carolina